1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCEEN HILL,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | Case No. 2:10-cv-6327-ODW(JCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 4 [43]** |

Defendants' Motion In Limine No. 4 is pending before the Court. Upon consideration of the parties' papers, supporting evidence, and oral arguments, the Court concludes as follows.

The Joint Witness List filed on March 5, 2012 lists eight doctors (Witness Nos. 8–15) as trial witnesses in this case. Five of the doctors were listed as experts in Plaintiff's Expert Disclosure, which was served on February 6, 2012, several months after the expert reports were due under the Court's Scheduling Order. (*See* Dkt. No. 43-1.) This Expert Disclosure states that Plaintiff "intends to offer the testimony of the following expert witnesses in the trial of this matter" and proceeds to list 11

doctors, their credentials, and a brief summary of what they will testify about. Notably, the Expert Disclosure indicates that these are retained experts, because the summary for each of the 11 doctors promises that "[a] full report under Fed. R. Civ. P. 26(a)(2)(B) will be provided to defense counsel . . . ." The remaining three doctors on the Joint Witness List were never identified, neither in an expert disclosure nor an initial disclosure. The Court notes that the names of a few of the doctors may have been disclosed in the exhibits attached to Plaintiff's complaint or in the responses to Defendants' interrogatories.

Plaintiff waffles on her position whether Witness Nos. 8–15 are retained experts, treating physicians, or lay witness. However Plaintiff desires to categorize Witness Nos. 8–15, the Court finds that Plaintiff failed to make the required disclosures under Fed. R. Civ. P. 26. Exclusion under Fed. R. Civ. P. 37(c) is appropriate under the facts in this case, as the Court does not find that Plaintiff's failure was substantially justified. Further, the Court is not convinced from Plaintiff's arguments that this failure is harmless to the Defendants. For sake of clarity, the Court will frame its ruling on this Motion with respect to each of the three witness categories.

To the extent Witness Nos. 8–15 are retained experts, their testimony is excluded from trial because their required expert reports under Fed. R. Civ. P. 26(a)(2)(B) have not been disclosed on time.

To the extent Witness Nos. 8–15 are treating physicians, their testimony is excluded from trial because their required expert reports under Fed. R. Civ. P. 26(a)(2)(C) have not been disclosed on time.

To the extent Witness Nos. 8–15 are lay witnesses, their testimony is excluded from trial because like the other lay witnesses (Witness Nos. 3–7), Plaintiff failed to file any initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A)(i) identifying them as witnesses.

Accordingly, Defendants' Motion is **GRANTED**.  Testimony of Plaintiff's expert witnesses (Witness Nos. 8–15) is excluded from the trial of this matter.

**IT IS SO ORDERED.**

March 26, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**