**O**

**JS-6**

1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  FRANCEEN HILL, | Case No. 2:10-cv-6327-ODW(JCx) |
| 11              Plaintiff, | **ORDER GRANTING MOTION FOR JUDGMENT ON PARTIAL FINDINGS** |
| 12    v. | |
| 13  UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| 14 | |
| 15 | |
| 16              Defendant. | |

17          On April 3, 2012, a bench trial began for the instant personal injury action.

18   Previously, the Court granted all of Defendant United States of America's motions in

19   limine.  (Dkt. Nos. 54, 55.)  Thus, all of Plaintiff Franceen Hill's trial exhibits and

20   expert witnesses were excluded.  At trial, Plaintiff presented two witnesses, herself

21   and the driver of the bus that hit her vehicle.  At Plaintiff's close of evidence,

22   Defendant moved for a Rule 52(c) judgment on partial findings.  The Court granted

23   the motion and entered judgment for Defendant.

24                          **I.   LEGAL STANDARD**

25          In a bench trial, the court may enter judgment against a party on a claim that,

26   under the controlling law, can be maintained only with a favorable finding on that

27   issue. Fed. R. Civ. P. 52(c).  Under Rule 52(c), the court has express authority to

28   resolve disputed issues of fact. *Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir.

2006).  The court may make findings in accordance with its own view of the evidence and is not required to draw any inferences in favor of the non-moving party.  *Id.*

## II.    DISCUSSION

The Court makes the following findings of fact and conclusions of law.

1.     Plaintiff brings this action for negligence against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 & 2671 *et seq*. ("FTCA").

2.     The FTCA authorizes claims against the United States for the negligent or wrongful act of a government employee acting within the scope of his or her employment under the circumstances where the United States, if it were a private individual, would be liable under the law of the State where the claim arose.

3.     In a FTCA action, "a court must apply the law the state courts would apply in the analogous tort action, including federal law."  *Goodman v. United States*, 298 F.3d 1048, 1054, n.6 (2002).  Thus, California law is applicable here because the accident occurred in California.

4.     To prove negligence under California law, a plaintiff must prove by a preponderance of evidence that: (1) the United States owed plaintiff a duty; (2) the United States breached its duty; and (3) the breach was the proximate or legal cause of plaintiff's resulting injuries, or damages.  *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

5.     The accident that is the subject of this action occurred on June 15, 2006, at approximately 7 p.m.

6.     The accident occurred near the intersection of North Alameda Street and Arcadia Street in the City of Los Angeles.

7.     At the time of the accident, Roland Leal was employed by the United States of America through the United States Immigration and Customs Enforcement. He was driving a bus owned by the United States Immigration and Customs Enforcement in the course and scope of his employment there.

8.     Plaintiff was driving a Lincoln Navigator at the time of the accident. There were no passengers in Plaintiff's vehicle.

9.     Just prior to the accident, Plaintiff and Mr. Leal stopped at the red light at the end of the 101 Freeway exit ramp, which becomes Arcadia Street.  Plaintiff's vehicle occupied the leftmost left turn lane.  Mr. Leal's bus occupied the adjacent left turn lane.  Both vehicles were stopped at the crosswalk—that is, they were next to one another as the first vehicles in their respective lanes.  After the light turned green, they both began turning left onto North Alameda Street in the two parallel left turn lanes.

10.     The two streets, North Alameda Street and Arcadia Street/101 Freeway exit ramp, do not intersect perpendicularly.  Thus, instead of a 90° maneuver, a left turn from the 101 Freeway exit ramp is tighter, requiring a vehicle to make a 70° turn.

11.     Both vehicles were moving at about ten miles per hour when the accident occurred—that is, there was only a small speed differential between the two vehicles.

12.     Sometime during the left turn, Mr. Leal's bus came into contact with the right rear fender of Plaintiff's vehicle.

13.     Because of the large difference in mass between Plaintiff's vehicle and Mr. Leal's bus, the contact caused the rear wheels of Plaintiff's vehicle to lose traction.  Mr. Leal's bus pushed Plaintiff's vehicle clockwise about 180°.

14.     Mr. Leal's bus pushed Plaintiff's vehicle into another vehicle and all three vehicles came to rest before reaching the intersection at North Alameda Street and East Aliso Street.  The stretch of North Alameda Street between Arcadia Street and East Aliso Street is short, spanning approximately seven car lengths.

15.     The drivers of all vehicles, including Plaintiff, reported no injuries at the scene of the accident.  Plaintiff did not request medical attention and an ambulance was not called to the scene.

16.     Plaintiff contacted friends from the scene and they drove her home. Plaintiff's vehicle was operational and was driven to her home by a friend.

/ / /

3

17.     Plaintiff claims that as a result of the collision she suffered the following injuries: brain injury; post-concussion syndrome and loss of consciousness; blacking out; jaw locking; positional and cervical vertigo; spinal cord compression; skeletal and muscular pain; carpal tunnel syndrome; permanent tear in gluteus minimus; bone growth in left bursa/trochanter area; pain in neck, back and hips; pain tingling and numbness in legs and feet; and left ankle swelling with a bone sticking out that continues to grow.

18.     Based on Plaintiff's testimony, the Court finds that she has been complaining of the same symptoms since at least the late 1990's and has undergone over a decade of medical and alternative treatments prior to this accident to address these symptoms.

19.     The Court finds no evidence Plaintiff's symptoms were caused by or were worsened by this accident.

20.     The Court finds that any pain and suffering Plaintiff actually sustained as a result of this low speed accident was minimal.

21.     Plaintiff presented no evidence supporting lost earnings or loss of future earnings due to the accident.

22.     The Court concludes that Plaintiff did not prove the element of causation for the negligence claim.  Plaintiff presented no evidence demonstrating that any injuries or damages were the proximate cause of the accident.

### III.     CONCLUSION

For the reasons discussed above, Defendant's Rule 52(c) motion is **GRANTED**.

**IT IS SO ORDERED.**

April 24, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

4